UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA NAILS, *Pro Se*, | ) | Case No.: 1:21 CV 1764 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| PROGRESSIVE DIRECT INSURANCE, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant | ) | |

*Pro Se* Plaintiff Angela Nails, a Georgia resident, filed this *in forma pauperis* diversity action against Progressive Direct Insurance Company ("Progressive"), seeking damages for injuries she allegedly suffered in an automobile accident. (Doc. No. 1.) Although her Complaint is unclear as to specifics, it is clear she is suing Progressive as the alleged tortfeasor's liability insurer. She alleges the "Defendant insure[d]" hit her and caused her injury. (*Id*. at 5, ¶ III.)

Plaintiff's motion to proceed *in forma pauperis* has been granted by separate order. Therefore, her Complaint is now before the Court for initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute expressly requires federal district courts to screen all *in forma pauperis* complaints, and to dismiss before service any such complaint that the court determines fails to state a claim upon which relief may be granted. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010).

Upon review, the Court finds that Plaintiff's Complaint must be dismissed pursuant to §

1915(e)(2)(B).

In Ohio, "[a]n injured person may sue a tortfeasor's liability insurer, but only after obtaining judgment against the insured." *Chitlik v. Allstate Ins. Co.*, 299 N.E.2d 295, 34 Ohio App.2d 193 (Ohio App. 2d 1973) (citing Ohio Rev. Code§§ 3929.05 and R.C. 3929.06).

Nothing in Plaintiff's Complaint suggests she has obtained a judgment against the "Defendant insured" as required to sue an insured's liability insurer. In fact, Plaintiff fails to identify the alleged tortfeasor anywhere in her Complaint. Plaintiff therefore cannot maintain an action against Progressive as the alleged tortfeasor's insurer, as she has failed to state a plausible claim upon which she may be granted relief.

**Conclusion**

Accordingly, Plaintiff's Complaint is hereby dismissed 28 U.S.C. §1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                  */s/ SOLOMON OLIVER, JR.*
                                                  UNITED STATES DISTRICT JUDGE

December 7, 2021